### DE KLYN *v.* SILVER LAKE ICE CO.

(*Superior Court of New York City, General Term.*    January 5, 1891.)

CONTRACTS—RESCISSION—REINSTATEMENT.

When one B., to whom defendant had contracted to deliver ice, wrote to defendant that he would not continue the contract, but that he would take ice at market prices, and defendant, in reply, assented to the rescission of the contract, subsequent deliveries of ice by defendant did not have the effect of reinstating the contract.

Appeal from jury term.

Action by Charles B. De Klyn, as assignee of the executors of Frank E. Bean, against the Silver Lake Ice Company, to recover damages for breach of a contract by defendant to deliver ice to said Bean.    It appeared that such

contract was made on or about September 30, 1887; that, by its terms, Bean was to allow defendant the use of certain dock privileges, etc., for delivering the ice until April 1, 1888, and that all the ice agreed for was to be taken before May 1, 1888. Defendant offered in evidence a letter written by Bean to defendant's agent, Samuel W. Nash, Jr., as follows:

"NEW YORK, Mch. 5th, 1888.

"*S. W. Nash, Jr., Agt.*—DEAR SIR: You are occupying my bridge, have broken contract with me, and from day to day for bridge scales, etc., shall charge you $10.00 per day, for each barge $5.00 per day, and each canal-boat $3.00 per day. Will take your ice at market price, but not as on contract with Silver Ice Co. My contract was for ice, not snow. If you desire to sell me any ice, please quote me price, and I will buy ice of you, not snow. See me at your earliest convenience. If I don't hear from you by to-morrow we shall notify S. Lake Ice Co. of same.

"Resp'y yours,                    F. E. BEAN."

Nash testified that he replied to above letter on March 15th by the following letter, viz.:

"NEW YORK, Mch. 15, 1888.

"*Mr. F. E. Bean*—DEAR SIR: We will discontinue using your bridge, dock, boats, etc., to-day. Please make out bill for use of same from the date of your notification that you would not continue contract with S. L. Ice Co. to the present, and we will render you bill for ice delivered to you since that time.                    Yours, very truly,        SILVER LAKE ICE CO.,

"By S. W. NASH."

Plaintiff appeals from a judgment for defendant entered on the dismissal of the complaint.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Morrison & Kennedy*, (*H. Morrison* and *L. J. Morrison*, of counsel,) for appellant. *Putnam & Slocum*, (*Wallace Macfarlane*, of counsel,) for respondent.

FREEDMAN, J. The evidence given at the trial established that the contract, upon which this action was brought, had been rescinded by the letters of March 5th and March 15th, and consequently no action can be maintained upon it by either party. The claim of the plaintiff that the letter of March 5th should be treated as a mere *brutum fulmen* cannot be sustained. There having been a rescission, proof of deliveries of ice subsequent to March 17th could not have the effect of reinstating the contract. Such deliveries may have been made at market rates as proposed by the letter of March 5th, but it was not necessary to determine the precise point. The letters excluded are not printed in the case, and, consequently, it cannot be held that their exclusion on the ground of immateriality constituted error. Upon the whole case no sufficient reason appears for disturbing the judgment. The judgment should be affirmed, with costs.

SEDGWICK, C. J., concurs.

INGRAHAM, J. I concur in the result.